*228 Cupp, J.,
dissenting.
{¶ 40} Kastigar v. United States (1972), 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212, requires a prosecutor to prove that the material the prosecutor proposes to use as evidence against the defendant came from a source independent of the defendant’s compelled statements. Because I do not share the majority’s view that the state’s using Lieutenant Davis, who was present when Jackson gave his compelled statement, as a grand jury witness constituted derivative use of Jackson’s statement under Kastigar, I dissent from the majority’s holding that the indictment in this case must be dismissed. See United States v. Byrd (C.A.11, 1985), 765 F.2d 1524, 1529 (“The government is not required to negate all abstract ‘possibility’ of taint”).
{¶ 41} The court of appeals concluded that Jackson’s compelled statement was not used to obtain the indictment. The record supports that conclusion. When Davis was asked about Jackson’s statement during the grand jury proceedings, he declined to answer. By contrast, in State v. Conrad (1990), 50 Ohio St.3d 1, 4-5, 552 N.E.2d 214, this court held that the indictment had to be dismissed because the prosecutor had used the defendant’s compelled statement to impeach her testimony before the grand jury.
{¶ 42} The majority expresses concern that the prosecutor, who possessed and had reviewed Jackson’s compelled statement, was given an impermissible advantage in trial preparation. Majority opinion at ¶24. The court of appeals similarly noted that the state had learned of a potential witness to the alleged crime (Vince Van) through Jackson’s compelled statement. But the state did not present information from Van’s statement to the grand jury and did not list Van as a trial witness. This case differs from United States v. Hubbell (2000), 530 U.S. 27, 120 S.Ct. 2037, 147 L.Ed.2d 24, in which the defendant’s testimonial act of producing extensive incriminating documents in response to a broadly worded government subpoena provided the evidence that was used to convict him of another crime. Id. at 41-43, 120 S.Ct. 2037, 147 L.Ed.2d 24, quoting the government’s brief (“It was only through respondent’s truthful reply to the subpoena that the Government received the incriminating documents of which it made ‘substantial use * * * in the investigation that led to the indictment’ ”). In this case, the record does not establish that Jackson’s statement provided a “ ‘link in the chain of evidence needed to prosecute’ ” Jackson. Hubbell, 530 U.S. at 38, 120 S.Ct. 2037, 147 L.Ed.2d 24, quoting Hoffman v. United States (1951), 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118.
{¶ 43} Consequently, neither Kastigar nor Conrad requires dismissal of the indictment in this case.
*229 {¶ 44} Having concluded, erroneously in my view, that because Davis testified before the grand jury the indictment must be dismissed, the majority goes on to discuss its concern that the prosecutor’s having read Jackson’s compelled statement will give the state an impermissible advantage at trial. With regard to the evidence that the state intends to use at trial, the state must show that it has an “ ‘independent, legitimate source for the disputed evidence.’ ” Kastigar, 406 U.S. at 460, 92 S.Ct. 1653, 32 L.Ed.2d 212, quoting Murphy v. Waterfront Comm. of New York Harbor (1964), 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678, fn. 18. To the extent that any question remains about the state’s trial evidence, Jackson’s remedy is to move to exclude his statement and its fruits from evidence at trial.[3]
{¶ 45} Assuming that the state will not introduce the compelled statement or its fruits at trial and will not use the statement for impeachment at trial, the only question that remains is whether the prosecutor’s exposure to the compelled statement and the internal-affairs file has directly affected the state’s trial strategy (such as choice of witnesses, for example). The federal courts of appeals have taken different approaches to claims that exposure to a defendant’s compelled statement may have affected the government’s trial strategy. Compare United States v. McDaniel (C.A.8, 1973), 482 F.2d 305, 311 (“[Immunity protection] must forbid all prosecutorial use of the testimony, not merely that which results in the presentation of evidence before the jury”) with United States v. Rivieccio (C.A.2, 1990), 919 F.2d 812, 815 (“To the extent the Government’s thought process or questioning of witnesses may have been influenced by Appellant’s immunized testimony, we hold that any such use was merely tangential and was therefore not a prohibited use”).
{¶ 46} If the majority believes that the trial prosecutor in this case, who admitted to having reviewed Jackson’s compelled statement, was afforded an impermissible direct advantage in trial strategy, then the court should afford the state the option of accepting the court of appeals’ remedy — allowing the state to try the case without the disputed evidence and with a new trial prosecutor who has not seen any of the disputed evidence — instead of dismissing the case outright. This less drastic option also would further the majority’s stated goal of discouraging the improper sharing of compelled testimony obtained in an internal-affairs investigation with the prosecution team in the related criminal pro *230 ceeding. Apparently, the majority is disinclined to permit this reasonable solution as an optional remedy to the state.
John D. Ferrero, Stark County Prosecuting Attorney, and Kathleen Tatarsky, Assistant Prosecuting Attorney, for appellant and cross-appellee.
Bradley R. lams, for appellee and cross-appellant.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for amicus curiae, Ohio Prosecuting Attorney’s Association, in support of appellant and cross-appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, and David M. Lieberman, Deputy Solicitor, for amicus curiae, Ohio Attorney General, in support of appellant and cross-appellee.
Joseph Martuccio, Canton Law Director, and Kevin R. L’Hommedieu, Assistant Law Director; Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, and Stephen J. Smith; John Gotherman; Robert L. Berry Co., L.P.A., and Robert L. Berry; and Pericles G. Stergios, Massillon Law Director, for amici curiae, city of Canton, Ohio Municipal League, city of Massillon, and Buckeye State Sheiiffs’ Association, in support of appellant and cross-appellee.
Crabbe, Brown & James, L.L.P., Larry H. James, Christina L. Corl, and Lindsay L. Ford; and Paul Cox, for amici curiae National Fraternal Order of Police and Fraternal Order of Police of Ohio, Inc., in support of appellee and cross-appellant.
Mary Lou Sekula, urging affirmance for amicus curiae Canton Police Patrolman’s Association, in support of appellee and cross-appellant.
Aaron Nisenson, for amicus curiae International Union of Police Associations, AFL-CIO, in support of appellee and cross-appellant.
{¶ 47} For these reasons, I dissent from the majority’s decision to reinstate the trial court’s dismissal of the indictment in this case.
Lundberg Stratton, J., concurs in the foregoing opinion.

. The majority, at one point in its opinion, apparently agrees that suppression of Jackson’s statement and any evidence obtained therefrom is the appropriate remedy for a Garrity violation. Majority opinion at ¶ 32. However, the majority also states that the state makes derivative use of a Garrity statement when the prosecutor reviews a statement in preparation for trial, and even when the prosecutor merely has possession of the statement but does not review it. Id. at ¶ 25.